## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN THOMAS on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | CIVIL ACTION NO. : _____ |
| Plaintiff, | § § § | COLLECTIVE ACTION AND CLASS ACTION COMPLAINT |
| V. | § § | JURY TRIAL DEMANDED |
| OS RESTAURANT SERVICES, LLC AND FLEMING'S/BOSTON, LP, | § § § | |
| Defendants. | § | |

### PLAINTIFF'S COLLECTIVE ACTION
### AND CLASS ACTION COMPLAINT & JURY DEMAND

John Thomas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against OS Restaurant Services, LLC and Fleming's/Boston, LP ("Defendants" or "Fleming's"), and hereby states and alleges as follows:

### I.      INTRODUCTION

1.      This case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate, as well as violations of the Massachusetts Minimum Fair Wages Law ("MFWL"), M.G.L. c. 151 §§ 1, 7, for Defendants' failure to pay Plaintiff and all similarly situated workers their earned minimum wages. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class action pursuant to Federal Rule of Civil Procedure 23 for the Massachusetts claims.

2.      Defendants pay their tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Massachusetts, the MFWL. Under the tip-credit provisions, an employer may under certain

circumstances, pay those tipped employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3.    However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of Section 3(m) of the FLSA. *See id.* (stating that the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee of each requirement under section 203(m), including: (1) of the amount of the cash wage that is to be paid to the tipped employee; (2) of the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4.    Similarly, under the MFWL (and its implementing regulations), employers may only pay tipped employees below the minimum wage rate in Massachusetts if the employer: (1) notifies tipped employees, in writing, of the provisions of M.G.L. c 151 § 7, paragraph three; and if it utilizes a tip pool (as Defendants do) (b) distribute tips through a tip pool to any individuals who are considered a wait staff employee, service employee, or service bartender; (c) distribute tips through a tip pool to individuals who do no have managerial responsibility; and (d) distribute tips through a tip pool in proportion to the service provided by tipped employees. *See* 454 Mass. Code Regs. 27.03(2)(b); M.G.L. c 149 § 152A. Under Massachusetts law, if an employer does not comply with these requirements, the employer cannot take advantage of the tip credit to meet its minimum wage obligations under M.G.L. c 151§ 7.

5.      Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management or staff who do not customarily and regularly receive tips. *See Acosta v. Osaka Japan Restaurant, Inc.*, No. CV 17-1018, 2018 WL 3397337, at *7-8 (E.D. Pa. July 12, 2018) (holding the FLSA "does not allow employers to force tipped employees to redistribute their tips to employees who do not receive tips (and who are therefore required to be paid the full minimum wage)." (citing 29 C.F.R. § 531.54; *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 240 (2d Cir. 2011); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999); *Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 231 (5th Cir. 2011)); *see also Portales v. MBA Inv. Co., LLC*, No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014 ) ("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the tip pool is invalid under the FLSA." (citing 29 U.S.C. § 203)); *Bernal v. Bankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

6.      Additionally, an employer must pay the minimum statutory hourly rate under the FLSA or pursuant to M.G.L. c 151 § 7). *See* 29 U.S.C. § 203(m); M.G.L. c 151 § 7. The FLSA requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a).

7.      Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See* 29 C.F.R. § 531.56(e); *see also Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their

tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."); *Osman v. Grube, Inc.*, No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017) (employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation).

8.      Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20% of the employees' time worked or for more than 30 consecutive minutes. 29 C.F.R. § 531.56(f);   *see Marsh v. J. Alexander's, LLC*, 905 F.3d 610, 626-28 (9th Cir. 2018) (adopting 20% standard for dual jobs regulation and finding the DOL's opinion on dual jobs for tipped workers to be entitled to deference); *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 881 (8th Cir. 2011) (granting deference to the DOL's 20% standard); *Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149, 2012 WL 3716482, at *2 (N.D. Ill. Aug. 27, 2012) ("An employer may take a tip credit only for hours worked by [an] employee in an occupation in which [he] qualifies as a tipped employee."); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (the court indirectly made its imprimatur on the DOL's aforementioned dual-jobs regulation and Field Operations Handbook, citing both the "related to" standard in 29 C.F.R. § 531.56(e) and the 20% standard in § 30d00(e)); *Flood v. Carlson Restaurants, Inc.*, No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying Defendantss' motion to dismiss, explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga. Mar. 26, 2015) ("a reasonable interpretation of § 531.56(e) is that [plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but

non-tipped duties."); *Crate v. Q's Restaurant Group, LLC*, 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tipped producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

9.    Defendants violated the FLSA and Massachusetts law in the following respects:

a.    **Violation for failure to inform:** Defendants failed to correctly inform Plaintiff of the desire to rely on the tip credit to meet their minimum wage obligations. Defendants failed to properly inform Plaintiff of the following: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

b.    **Violation for making illegal deductions that reduced Plaintiff's direct wage below the minimum required hourly wage for tipped employees:** Plaintiff was required to purchase certain clothing to work for Defendants, which reduced his wages below the minimum hourly wage required for tipped employees.

c.    **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including but not limited to vacuuming, taking out trash, doing dishes, chopping fruit, scrubbing coolers, cleaning displays, polishing glasses, sweeping floors, putting murphy oil on wood surfaces, dusting pictures, and scraping gum.

d.    **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week or for more than 30 consecutive minutes:** Plaintiff was required to perform greater than 20% of his time in performing non-tip producing side work, including but not limited to rolling silverware, placing white linen and candles on tables, refilling condiments, wiping booths, cleaning the bar top, and brewing tea and coffee.

10.    As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated worked at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants

must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

11.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

12.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District, including many of the wrongs herein alleged.

## III.      PARTIES AND PERSONAL JURISDICTION

13.      Plaintiff John Thomas is an individual who worked for Defendants at the Fleming's Prime Steakhouse in Boston, Massachusetts. Plaintiff's written consent to this action is attached hereto as Exhibit A.

14.      The FLSA Class Members are all current and former tipped employees who worked for Defendants for at least one week during the three-year period prior to the filing of this Complaint through final resolution of the Action.

15.      The Massachusetts Class Members are all current and former tipped employees who worked for Defendants in Massachusetts for at least one week during the three-year period prior to the filing of this Complaint through final resolution of the Action.

16.      The FLSA Class Members and Massachusetts Class Members shall be collectively referred to as "Class Members" unless otherwise indicated herein.

17.     Defendant OS Restaurant Services, LLC is a foreign limited liability company that conducts business in Massachusetts. Defendants may be served with process by serving its registered agent, Corporate Creations Network Inc., 225 Cedar Hill Street #200, Marlborough, Massachusetts 01752.

18.     Defendant Fleming's Boston, LP is a foreign limited partnership that conducts business in Massachusetts. Defendants may be served with process by serving its registered agent, CT Corporation System at 155 Federal Street, Suite 700, Boston, MA 02110.

19.     At all times relevant to this action, Defendants have had sufficient minimum contacts with Massachusetts to confer personal jurisdiction over Defendants. Defendants conduct business in Massachusetts, contract with and employed Massachusetts residents, had Massachusetts customers, market to residents of Massachusetts, and own property in Massachusetts. Further, the wrongs complained of in this Complaint occurred in Massachusetts.

## IV.     COVERAGE

20.     At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

21.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

22.     At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

23.     At all material times, Plaintiff was an employee engaged in commerce or the production of goods for commerce.

24.     At all material times, Plaintiff has been an employee of Defendants within the meaning of Massachusetts law.

## V.   FACTS

25.     Defendants own and operate a chain of restaurants under the trade name "Fleming's Prime Steakhouse & Wine Bar" throughout the United States. Defendants currently own and operate these restaurants in Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Louisiana, Michigan, Missouri, Nebraska, Nevada, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, Virginia, and Wisconsin. During the relevant time period, Defendants operated a Fleming's restaurant in Boston, Massachusetts.

26.     Fleming's restaurants are full-service restaurants that employ tipped workers, including servers and bartenders, to provide service to customers.

27.     Defendants employed Plaintiff and the Class Members as "tipped employees," in positions such as servers and bartenders. Servers gather orders from customers and deliver food and drinks to the customers. Servers are paid an hourly wage by Defendants and receive tips from customers. A bartender prepares and serves drinks to customers. A bartender is likewise paid an hourly wage by Defendants and receives tips from customers.

28.     However, Defendants paid these tipped workers less than the minimum wage.

29.     Defendants attempts to utilize the tip credit to meet their minimum wage obligations to their tipped employees, including Plaintiff and the Class Members.

30.     Plaintiff worked for Defendants at the Fleming's restaurant in Boston, Massachusetts as a server and bartender from approximately October 2017 through May 2020.

Plaintiff was paid an hourly wage of approximately $4.35 per hour in 2019 and $4.95 per hour in 2020.

31.     The tip credit has a harmful effect on workers that threatens the health of the economy. Adasina Social Capital, a company representing investors with more than $538 billion in assets, has issued a letter to large corporations operating restaurants advising of the ills of using the tip credit.[1] The letter states as follows:

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work.** As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color. The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushing to recoup the costs of free, exploited labor.[2]

32.     Given the harmful effects of the tip credit, there are strict requirements that must be met by an employer who seeks to utilize the tip credit to meet its minimum wage obligations.

33.     In this case, Defendants did not satisfy the strict requirements to use the tip credit. Defendants maintained a policy and practice whereby they failed to properly provide Plaintiff and the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee, (4) that they could not be paid lower than the minimum

---

[1]     *See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/ (last visited May 22, 2022)

[2]     *Id.* (emphasis in original).

statutory amount per hour ($2.13 per hour under the FLSA), and (5) that the tip credit shall not apply to any employee who does not receive the notice.

34.     Defendants also maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in dual occupations while being compensated at the tip credit subminimum wage rate.

35.     These duties include but are not limited to the following: chopping fruit, scrubbing coolers, cleaning displays, polishing glasses, doing dishes, sweeping floors, putting murphy oil on wood surfaces, dusting pictures, scraping gum, amongst other activities that were not related to their tipped occupation.

36.     Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time throughout a workweek, in excess of 20 percent or for more than 30 consecutive minutes, performing non-tip producing side work related to the employees' tipped occupation.

37.     Specifically, Defendants maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side-work, including but not limited to rolling silverware, placing white linen and candles on tables, refilling condiments, wiping booths, cleaning the bar top, brewing tea and coffee, amongst other activities.

38.     Further, Defendants required Plaintiff and Class Members to perform non-tip producing work before the restaurant opened to the public and after the restaurant closed to the public. Indeed, Defendants required Plaintiff and the Class Members to arrive prior to the restaurant opening for business when there were no customers and no opportunity to earn tips, to

perform manual labor cleaning and setup duties. Likewise, Defendants required Plaintiff and Class Members to remain at the restaurant after it closed to the public and when there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 31 minutes upwards to 2 hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tip producing work.

39.     However, Defendants did not pay their tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiff and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

40.     During Plaintiff's and the Class Members' employment, checklists were posted in Defendants' restaurants with numerous non-tipped duties that tipped employees were required to perform, in addition to serving customers.

41.     When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

42.     Indeed, Defendants did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

43.     Defendants did not track or record all of the time the tipped employees spent performing non-tipped work at the appropriate minimum wage rate, despite having the capability to do so. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track all of the specific tasks for Plaintiff and the Class Members.

44.     Defendants use a point-of-sale ("POS") system to record hours worked by its tipped employees. Defendants then analyze the information collected by the POS system,

including the labor costs at each of the restaurants. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track the specific tasks for Plaintiff and Class Members.

45.     In the POS system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

46.     However, Defendants did not allow their tipped employees to clock-in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

47.     Defendants' managers at the restaurants were eligible to receive bonuses, in part, based on meeting or exceeding certain labor cost targets, which created an incentive to keep the amount paid to tipped employees low.

48.     Moreover, Defendants violated the FLSA and Massachusetts law by not paying the minimum "tipped" hourly rate. Defendants required its tipped employees to pay for items for their "uniform," such as specific styles of shirts, pants, belts, and specialized shoes. These clothing items were required to perform work for Defendants and were primarily for the benefit and convenience of Defendants. The costs for these items were not reimbursed by Defendants.

49.     Because Defendants paid its tipped employees at the subminimum "tip credit" rate, any week in which a tipped employee was required to pay for work-related expenses for Defendants' business, they were not even paid the minimum statutory hourly rate to claim the tip credit, thereby negating Defendants' entitlement to the tip credit.

50.     In other words, by requiring Plaintiff and the Class Members to pay for these work-related expenses, their hourly rates of pay were reduced by the amount of these uniform

costs. As a result, they were not even paid the minimum hourly rate necessary for Defendants to claim the tip credit.

51.     Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff and the Class Members.

52.     Defendants knew or should have known that their policies or practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA or Massachusetts law. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law. Defendants carried and continue to carry out the illegal pattern and practice regarding its tipped employees as described in the Complaint.

## REVISED FIELD OPERATIONS HANDBOOK
## AND NEW DUAL JOBS REGULATION

53.     On November 8, 2018, the Department of Labor issued opinion letter FLSA2018-27, which provided a standard for interpreting the dual jobs regulation that was different than the "80/20" rule that had existed at the time. However, nearly every court to have considered that opinion letter held that the opinion letter was not entitled to any deference. *See Flores v. HMS Host Corp.*, No. 8:18-cv-03312-PX, 2019 U.S. Dist. LEXIS 183906 (D. Md. Oct. 23, 2019); *Callaway v. DenOne, LLC*, No. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Mo. 2019); *Spencer v. Macado's, Inc.*, 399 F. Supp. 3d 545, 552-53 (W.D. Va. 2019).

54.     Therefore, the Department of Labor announced its intention to revise the dual jobs regulation in 29 C.F.R. § 531.56(e) and issued a notice of proposed rule-making on October 8, 2019.[3]

55.     After soliciting comments, the Department of Labor published its final rule on December 20, 2020, which had an effective date of March 1, 2021.[4] After delaying the effective date of the Final Rule,[5] on June 21, 2021, the Department of Labor announced "a notice of proposed rulemaking to limit the amount of non-tip producing work that a tipped employee can perform when an employer is taking a tip credit."[6]

56.     After soliciting more comments, the Department of Labor announced on October 28, 2021, the publication of a final rule (Dual Jobs final rule).[7]  The Dual Jobs Final Rule became effective December 28, 2021.[8]

57.     Under the Final Rule, an employer cannot take a tip credit for any of the time spent by a tipped worker performing any non-tipped work that exceeds 30 minutes. That is, when a tipped worked performed non-tipped work for a continuous period of time exceeding 30 minutes, the employer cannot claim the tip credit.

58.     Here, Defendants illegally required Plaintiff and the Class Members to perform non-tip producing work for an excessive period of time. That is because Defendants required

---

[3]     *See* https://www.federalregister.gov/documents/2019/10/08/2019-20868/tip-regulations-under-the-fair-labor-standards-act-flsa (last visited May 22, 2022).

[4]     *See* https://www.federalregister.gov/documents/2020/12/30/2020-28555/tip-regulations-under-the-fair-labor-standards-act-flsa (last visited May 22, 2022).

[5]     *See* https:///www.dol.gov/agencies/whd/tips (last visited May 22, 2022).

[6]     *See* https://www.federalregister.gov/documents/2021/06/23/2021-13262/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last visited May 22, 2022).

[7]     *See* https://www.dol.gov/agencis/whd/flsa/tips (last visited May 22, 2022).

[8]     https://www.federalregister.gov/documents/2021/10/29/2021-23446/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last visited May 22, 2022).

Plaintiff and the Class Members to perform non-tipped work 31 minutes to two hours before the restaurants were open to the public, throughout their shifts, and after the restaurants were closed to the public, when the restaurants did not have customers and there was no opportunity to earn tips. During this time, Defendants paid below the minimum wage rate and forced Plaintiff and the Class Members to perform non-tip producing duties, as noted above.

59.     Given that Defendants failed to comply with the requirements to take the tip credit, Defendants has lost the ability to claim the tip credit and owe Plaintiff and the Class Members pay at the full minimum wage rate per hour for all hours they worked for Defendants.

## VI.     FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings this Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as a tipped worker for at least one week during the three-year period prior to the filing of this Complaint through final resolution of this Action.

61.     Plaintiff has actual knowledge, through personal observation and through conversations with his co-workers, that a collective of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

62.     The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

63.     Like Plaintiff, the FLSA Class Members were not given proper notice of the tip credit provisions, performed work that was unrelated to their jobs as tipped employees, and performed a substantial amount of side work for significant periods of time.

64. Moreover, the FLSA Class Members were also subject to deductions and expenses that dropped their compensation below the minimum wage.

65. Plaintiff and the FLSA Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

66. The names and addresses of the FLSA Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, by posting a notice in common work/rest areas, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

67. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

68. As such, the class of similarly situated FLSA Class Members is properly defined as follows:

> **All current and former tipped employees who worked at a Fleming's Prime Steakhouse & Wine Bar restaurant for at least one week during the three-year period prior to the filing of this Complaint through final resolution of this Action.**

## VII.    RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Massachusetts Class Members, which is comprised of the following:

> **All current and former tipped employees who worked at a Fleming's Prime Steakhouse & Wine Bar restaurant operated for at least one week in Massachusetts during the three-year period prior to the filing of this Complaint through final resolution of this Action.**

70.     <u>Numerosity</u>. The number of members in the Massachusetts Class is believed to exceed forty. This volume makes bringing the claims of each individual member of the Massachusetts Class before this Court impracticable. Likewise, joining each individual member of the Massachusetts Class as a plaintiff in this Action is impracticable. Furthermore, the identity of the members of the Massachusetts Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Massachusetts Class and Defendants.

71.     <u>Typicality</u>. Plaintiff's claims are typical of the Massachusetts Class because, like the members of the Massachusetts Class, Plaintiff was subject to Defendants' uniform policies and practices and were compensated in the same manner as others in the Massachusetts Class. Plaintiff and the Massachusetts Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices, which failed to comply with Massachusetts law. As such, Plaintiff's claims are typical of the claims of the Massachusetts Class. Plaintiff and all members of the Massachusetts class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

72.     <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Massachusetts Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Massachusetts law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Massachusetts Class she seeks to represent.

73.   <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a.  Whether Defendants properly informed Plaintiff and the Massachusetts Class Members of the intent to claim the tip credit;

    b.  Whether more than 20% of the work performed by Plaintiff and the Massachusetts Class Members was non-tip generated work;

    c.  Whether Plaintiff and the Massachusetts Class Members performed non-tip producing side work for significant periods of time during their shifts and/or before or after the restaurant was open for business; and

    d.  Whether Plaintiff and the Massachusetts Class Members were subject to unlawful deductions.

74.   The common issues of law include, but are not limited to:

    a.  Whether Defendants can claim the "tip credit"'

    b.  Whether Defendants violated the MFWL;

    c.  Whether Plaintiff and the Massachusetts Class are entitled to compensatory damages;

    d.  The proper measure of damages sustained by Plaintiff and the Massachusetts Class Members; and

    e.  Whether Defendants' actions were "willful."

75.   <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Massachusetts Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and

expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

76.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Massachusetts Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Massachusetts Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identities of members of the Massachusetts Class is readily identifiable from Defendants' records.

77.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; and (2) the burden is on Defendants to prove they properly compensated their employees including that they properly complied with Massachusetts's tip credit requirements and/or any other exemptions that might apply. Ultimately, a class action is a superior form to resolve the Massachusetts claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Massachusetts Class members per applicable Massachusetts laws.

## VIII.   CAUSES OF ACTION

### COUNT I
### Violation of the FLSA

**Failure to Pay the Minimum Wage**
**On Behalf of Plaintiff and the FLSA Class Members**

78.     Plaintiff incorporates the preceding paragraphs by reference.

79.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage. *See* 29 U.S.C. § 206.

80.     Plaintiff and the FLSA Class Members were paid hourly rates less than the minimum wage while working for Defendants.

81.     Plaintiff and the FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

82.     Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class Members being paid less than the Federal minimum wage rate.

83.     Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. 29 U.S.C. § 255(a).

**COUNT II**
**Violation of the MFWL**
**Failure to Pay Minimum Wages for Failure to Notify**
**On Behalf of Plaintiff and the Massachusetts Class**

84.     Plaintiff incorporates the preceding paragraphs by reference.

85.     Defendants violated the MFWL and its implementing regulations, including 455 CMR 27.03(2) by failing to pay Plaintiff and Massachusetts Class Members the Massachusetts minimum wage for all hours worked in a workweek.

86.     Specifically, Defendants paid Plaintiff and the Massachusetts Class Members below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

87.     In addition to the facts pled in this Complaint, Defendants failed to comply with the notification requirements set forth within the express language of the MFWL and supporting regulations. M.G.L. c 151 § 7.  As a result of the violations pled in this Complaint, Defendants are not entitled to claim a tip credit.

88.     Accordingly, Defendants has willfully violated state law by failing and refusing to pay the Massachusetts minimum wage to Plaintiff and the Massachusetts Class Members.

89.     Defendants willfully failed to comply with the requirements under Massachusetts law and therefore, Plaintiff and the Massachusetts Class Members were not properly paid state minimum wages pursuant to the MFWL.

90.     Plaintiff and the Massachusetts Class Members are therefore owed compensatory damages for unpaid minimum wages, treble damages, pre-judgment and post-judgment interest as provided by law, an award of attorneys' fees and costs, and such other relief as the Court deems fair and equitable.

**COUNT III**
**Violation of the MFWL**
**Failure to Pay Minimum Wages Due to Improper Deductions/Expenses**
**On Behalf of Plaintiff and the Massachusetts Class Members**

91.     Plaintiff incorporates the preceding paragraphs by reference.

92.     Defendants violated the MFWL and its implementing regulations by making deductions from the wages of Plaintiff and Massachusetts Class Members for clothing and uniform requirements, which reduced their wages below the Massachusetts minimum wage. These expenses incurred by Plaintiff and Massachusetts Class Members were primarily for the

benefit of Defendants and, therefore, cannot constitute a credit toward Defendants' obligation to pay Plaintiff and the Massachusetts Class Members minimum wage. Defendants did not reimburse Plaintiff and the Massachusetts Class Members for these purchases made for Defendants' benefit, and indeed would occasionally facilitate such direct purchases by making deductions directly from Plaintiff's and the Massachusetts Class Members' pay checks. As a result, Plaintiff's and the Massachusetts Class Members' rate of pay were reduced below the Massachusetts minimum wage during the workweeks in which they were required to purchase uniforms required by Defendants to perform their work for Defendants, including shirts, pants, and shoes.

93.     Defendants' pay policy was unlawful and constituted a willful failure to comply with the requirements of the MFWL.

94.     Plaintiff and the Massachusetts Class Members are therefore owed compensatory damages for unpaid minimum wages, treble damages, pre-judgment and post-judgment interest as provided by law, an award of attorneys' fees and costs, and such other relief as the Court deems fair and equitable.

## IX.    JURY DEMAND

95.     Plaintiff hereby demands a trial by jury on all issues.

## X.    PRAYER FOR RELIEF

96.     For the reasons stated herein, Plaintiff requests that judgment be entered in his favor awarding Plaintiff and the Class Members:

      a.   An order authorizing notice to be sent to all similarly situated workers and certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b);

      b.   Declaring that Defendants' practices violate the FLSA;

c.  An order certifying this case as a class action pursuant to Rule 23;

d.  Declaring that Defendants' practices violate Massachusetts law;

e.  Minimum wage compensation unadulterated by the tip credit;

f.  Liquidated damages;

g.  Treble damages;

h.  An order requiring Defendants to correct its pay practices going forward;

i.  Pre-judgment interest and post-judgment interest as provided by law;

j.  Reasonable attorneys' fees, costs, and expenses of this action; and

k.  All such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.


Date: May 24, 2022                          Respectfully submitted,


                                    By:   _/s/ Arnold Lizana, III_____
                                          Arnold. J. Lizana, III
                                          BBO No. 646161
                                          Law Office of Arnold J. Lizana III, P.C.
                                          1350 Main Street, Suite 302
                                          Springfield, MA 01103
                                          alizana@attorneylizana.com
                                          Telephone: (877) 443-0999

                                          Don J. Foty*
                                          Texas Bar No. 24050022
                                          William M. Hogg*
                                          Texas Bar No. 24087733
                                          California Bar No. 338196
                                          HODGES & FOTY, LLP
                                          4409 Montrose Blvd., Suite 200
                                          Houston, TX 77006
                                          Tel: (713) 523-0001
                                          dfoty@hftrialfirm.com
                                          whogg@hftrialfirm.com

Anthony J. Lazzaro*
Ohio Bar No. 0077962
Matthew S. Grimsley*
Ohio Bar No. 0092942
THE LAZZARO LAW FIRM LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Tel: (216) 696-5000
anthony@lazzarolawfirm.com
matthew@lazzarolawfirm.com

\* - Will apply for admission *pro hac vice*

*Counsel for Plaintiff and Class Members*